UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| TENNA INGLE and TIMOTHY INGLE, | * |
| | * |
| Plaintiffs, | * |
| | * |
| v. | * |
| | *   Civil Action No. 1:24-cv-10855-IT |
| SONESTA INTERNATIONAL HOTELS | * |
| CORP. d/b/a SONESTA MAHO BEACH | * |
| RESORT, | * |
| | * |
| Defendant. | * |

MEMORANDUM & ORDER

April 2, 2025

TALWANI, D.J.

Before the court is Plaintiffs Tenna and Timothy Ingle's Motion for Discovery Pursuant to Fed. R. Civ. P. 56(d) [Doc. No. 54]. For the reasons discussed below, the Motion is DENIED.

I.     Factual and Procedural Background

Plaintiffs' Complaint [Doc. No. 1] alleges that Tenna Ingle sustained injuries at the Sonesta Maho Beach Resort, Casino & Spa in Sint Maarten and that Defendant Sonesta International Hotels Corp. ("Sonesta International") is liable for negligence, failure to warn, and loss of consortium. See id. ¶¶ 19–26. Shortly after discovery commenced and Plaintiffs served discovery requests, see Pls.' First Requests for Production of Documents [Doc. No. 57-2], Sonesta International filed a Motion for Summary Judgment [Doc. No. 36], arguing in brief that Sonesta International is not liable to Plaintiffs either directly or vicariously because Sonesta International does not own, operate, or possess the property in question, nor does it have a right to control any policy or practice as a franchisor. See Mem. in Support of MSJ 3–7 [Doc. No. 37]. In support, Sonesta International pointed to record evidence of leasing agreements concerning the property in question, agreements to which Sonesta International is not a party. See Aff. of

Sapo Spadaro ¶¶ 6–7, Ex. A (long-term lease of property from Government of Sint Maarten to Resort of the World N.V.) [Doc. No. 38-1]; id. ¶¶ 9–10, Ex. B (licensing/franchising agreement between Resort of the World N.V. and Sonesta Licensing Corporation); id. ¶¶ 12–13, Ex. C (operating agreement between Resort of the World N.V. and Maho Hotel Operations BV); see also Aff. of Bradford Maxwell ¶¶ 4–5, Ex. A (same licensing/franchise agreement) [Doc. No. 38-2]. Sonesta International also presents sworn affidavits from the executives and managing directors of Resort of the World N.V., Maho Hotel Operations BV, Sonesta Licensing Corporation, and Sonesta International, all of whom attest that "Sonesta International does not own, operate, lease or possess the Hotel, the property on which the Hotel is situated, or the stairs where the Plaintiffs . . . allege Mrs. Ingle was injured," and "Sonesta International does not have any right to control any aspect of the operations or maintenance of the Hotel, the property on which the Hotel is situated, or the stairs where the Plaintiffs allege Mrs. Ingle was injured." Aff. of Sapo Spadaro ¶¶ 1, 16–17 [Doc. No. 38-1]; Aff. of Bradford Maxwell ¶¶ 1, 7–8 [Doc. No. 38-2; Aff. of Megan Bigelow ¶¶ 1, 7–8 [Doc. No. 38-3].

    Sonesta International also filed a Motion to Stay Discovery [Doc. No. 40] pending resolution of its summary judgment motion and Plaintiffs filed two motions to extend their deadline to amend their pleadings [Doc. Nos. 43, 49]. The court resolved these motions by (1) staying discovery; (2) staying the deadline for Plaintiffs to seek leave to amend their pleadings; (3) directing Plaintiffs that they could bifurcate their opposition to the summary judgment motion, and file an initial opposition as to their need for discovery, including an affidavit as required under Fed. R. Civ. P. 56(d); and (4) staying a further response to the summary judgment motion. See Elec. Order [Doc. No. 53]. Plaintiffs then filed the pending Motion for Discovery [Doc. No. 54] with a Rule 56(d) declaration [Doc. No. 56].

## II.   Standard of Review

If a party responding to a motion for summary judgment "shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition," Fed. R. Civ. P. 56(d), the court may issue an appropriate order to allow the responding party to obtain those facts. A Rule 56(d) request must be "timely," meaning "a party must show an exercise of due diligence in pursuing discovery before a motion for summary judgment is filed, as well as moving for an extension of time for additional discovery after the summary judgment motion is filed." Rios v. Centerra Grp. LLC, 106 F.4th 101, 121–22 (1st Cir. 2024) (citations omitted).

"A basic tenet of [Rule 56(d)] practice is that the party seeking discovery must explain how the facts, if collected, will 'suffice to defeat the pending summary judgment motion.'" Asociacion de Periodistas de P.R. v. Mueller, 680 F.3d 70, 77 (1st Cir. 2012). The filing party must supply the court with a statement (1) explaining the "inability to adduce the facts essential to filing an opposition" to the summary judgment motion; (2) providing "a plausible basis for believing that the sought-after facts can be assembled within a reasonable time"; and (3) indicating "how those facts would influence the outcome of the pending summary judgment motion." Velez v. Awning Windows, Inc., 375 F.3d 35, 40 (1st Cir. 2004). The court may refuse such a request "if it concludes that the party opposing summary judgment is unlikely to garner useful evidence from supplemental discovery." Hicks v. Johnson, 755 F.3d 738, 743 (1st Cir. 2014).

## III.   Discussion

Here, Plaintiffs have timely sought discovery. They have failed, however, to show that any of the categories of information they seek may lead to evidence that would challenge the

3

record evidence presented by Sonesta International that it does not own, operate, or possess the property in question, nor control any relevant policy or practice as a franchisor.

Plaintiffs' Rule 56(d) declaration sets forth six specific categories of information they seek in order to oppose the summary judgment motion: (1) the "nature of the relationship between the various parties [discussed in the summary judgment affidavits] and potential additional parties"; (2) "Sonesta's knowledge regarding the patent defects on the subject stairway, which would establish that Sonesta breached its duty to warn"; (3) "[m]arketing and advertising materials utilized by the Sonesta entities to promote their brand"; (4) "[t]he identification and employer of the workers who conducted the remedial measures on the stairway following the incident; (5) "[r]esponsible parties who either own, control or are responsible for the maintenance of the subject stairway"; and (6) "[t]he contractual relationship and lease agreement regarding the use of the subject stairway." Decl. of Louis J. Muggeo ("Muggeo Decl.") ¶¶ 1–5, 7 [Doc. No. 56]. Plaintiffs also refer generally to attached requests for production, which reprise these same categories and "set forth additional specific facts or information discovery might reveal which is germane to material facts challenging Sonesta's Motion for Summary Judgment; and/or properly amending the pleadings to join additional parties and allege additional theories of liability[.]" Id. ¶ 8.[1]

To the extent Plaintiffs seek information about "potential additional parties" or other "responsible parties," that information is not necessary to respond to this Defendant's summary judgment motion. Plaintiffs do not challenge the veracity of the record Sonesta International

---

[1] Paragraph 6 of the declaration ("Defendant's knowledge of the defects on the subject stairway, which stairway is contiguous to the Sonesta lobby") essentially duplicates paragraph 2 quoted above. See id. ¶¶ 2, 6.

4

proffers, namely the affidavits and lease agreements setting forth the relationships between the various entities as relevant to the ownership and operation of the property at issue. To the extent Plaintiffs seek additional information about those other entities—whether through marketing materials or more vaguely in the "nature of the relationships"—Plaintiffs fail to explain what additional evidence they expect to find that would specifically undermine Sonesta International's argument that it has no legal relationship to the property at issue.

Plaintiffs seek "Sonesta's knowledge regarding the patent defects on the subject stairway," suggesting this "would establish that Sonesta breached its duty to warn of the apparent defects on the stairway." Muggeo Decl. ¶ 2 [Doc. No. 56]. But Plaintiffs do not suggest that such information could establish a duty in the first place in light of Sonesta International's absence from any of the leasing, operating, and franchising agreements.

Plaintiffs argue that "the use of the Sonesta trademark" suggests "Sonesta International Hotels exercised some control." Pls.' Mem. in Support of Mot. for Discovery ("Pls.' Mem.") 4 [Doc. No. 57]. But the licensing and franchising agreement is between Resort of the World N.V. and Sonesta Licensing Corporation, a distinct entity which has not been named as a defendant. See Aff. of Sapo Spadaro ¶¶ 9–10, Ex. B [Doc. No. 38-1].

Finally, Plaintiffs argue that the further information it seeks would enable franchisor liability "under a theory of apparent agency . . . [w]here, by virtue of a franchise agreement, a franchisor retains some degree of control over the operation of a franchisee, uses its trade name and trademarks," and other factors. Pls.' Mem. 5–6 (citations omitted) (emphasis added) [Doc. No. 57]. This is another non-starter because the franchise agreement is between Resort of the World N.V. and Sonesta Licensing Corporation, again a different Sonesta entity, not the Defendant here.

Accordingly, the court finds Plaintiffs have not met their burden for further discovery under Rule 56(d) because, "[o]ther than a speculative suggestion that further discovery would have somehow undermined" the record evidence proffered by Sonesta International, Plaintiffs have "not pointed to any type of information that would be germane to [their] claims and to which [they] did not already have access." In re Fin. Oversight & Mgmt. Bd. for Puerto Rico, 37 F.4th 746, 764 (1st Cir. 2022). Cf. In re PHC, Inc. Shareholder Litig., 762 F.3d 138, 144 (1st Cir. 2014) (finding Rule 56(d) motion meritorious where it "point[s] to defendants' admissions [in initial disclosures] as proof of readily available additional facts" and "describes several categories about which the identified witnesses are likely to have information, such as the merger ratio, the valuations of PHC and Acadia, and the $5 million premium paid to the holders of Class B PHC common stock").

### IV. Conclusion

For the foregoing reasons, Plaintiffs' Motion for Discovery [Doc. No. 54] is DENIED.

Plaintiffs shall file any further opposition to Sonesta International's Motion for Summary Judgment [Doc. No. 36] within 28 days of this order.

The stay on Plaintiffs' deadline to seek leave to amend their pleadings is lifted. If Plaintiffs seek leave to amend their pleadings, they must do so within 14 days of this order.

IT IS SO ORDERED.

April 2, 2025  /s/ Indira Talwani
United States District Judge