UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| TENNA INGLE and TIMOTHY INGLE,<br><br>Plaintiffs,<br><br>v.<br><br>SONESTA INTERNATIONAL HOTELS CORP. d/b/a SONESTA MAHO BEACH RESORT,<br><br>Defendant. | *<br>*<br>*<br>*<br>*<br>*   Civil Action No. 1:24-cv-10855-IT<br>*<br>*<br>*<br>* |

MEMORANDUM & ORDER

September 25, 2025

TALWANI, D.J.

Plaintiffs Tenna and Timothy Ingle brought this action for damages arising out of Tenna Ingle's fall on a staircase at the Sonesta Maho Beach Resort, Casino & Spa in Sint Maarten ("Sonesta Maho Beach Resort"). Pending before the court is Defendant Sonesta International Hotels Corp.'s ("Sonesta International") Motion for Summary Judgment [Doc. No. 36]. For the reasons explained below, the Motion for Summary Judgment is GRANTED.[1]

I. **Procedural Background**

In April 2024, Plaintiffs sued Sonesta International, "d/b/a Sonesta Maho Beach Resort," alleging that Sonesta International "owns, operates, and manages" the Sonesta Maho Beach Resort. See Compl. ¶ 4 [Doc. No. 1]. Tenna Ingle asserted claims for negligence and negligent failure to warn and Timothy Ingle asserted a claim for loss of consortium Id. ¶¶ 19–26. Sonesta International filed its Answer [Doc. No. 21] in July 2024.

---

[1] Also pending is Plaintiffs' Motion to Amend Complaint [Doc. No. 62] which the court will address in a separate order.

Shortly after discovery commenced, Sonesta International filed the pending Motion for Summary Judgment [Doc. No. 36] asserting that: Sonesta International did not own, operate, or manage the property in Sint Maarten where Tenna Ingle alleges her injury occurred and therefore did not owe her a duty of care, and Timothy Ingle's loss of consortium claim is derivative of Tenna Ingle's claims. See Mem. ISO Mot. for Summ. J. ("Def.'s Mem.") 1 [Doc. No. 37]. The court directed Plaintiffs to "file their initial opposition to the motion for summary judgment, including a declaration, as required by Federal Rule of Civil Procedure 56(d), setting forth the specific discovery they contend is necessary to respond on the merits to the motion for summary judgment." Elec. Order [Doc. No. 53].

In December 2024, Plaintiffs filed a Motion for Discovery Pursuant to Fed. R. Civ. P. 56(d) [Doc. No. 54]. The court denied the motion because Plaintiffs did not identify any information to which they did not already have access that they needed to oppose Sonesta International's summary judgment motion. Mem. & Order 3–6 [Doc. No. 61]. The court directed Plaintiffs to file any further opposition to the Motion for Summary Judgment, id. at 6, which Plaintiffs did.

II.     **Standard of Review**

Under Rule 56 of the Federal Rules of Civil Procedure, summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is material when, under the governing substantive law, it could affect the outcome of the case. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); Baker v. St. Paul Travelers, Inc., 670 F.3d 119, 125 (1st Cir. 2012). A dispute is genuine if a reasonable jury could return a verdict for the non-moving party. Anderson, 477 U.S. at 248.

The moving party bears the initial burden of establishing the absence of a genuine dispute of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). This burden can be satisfied in two ways: (1) by submitting affirmative evidence that negates an essential element of the non-moving party's claim or (2) by demonstrating that the non-moving party failed to establish an essential element of its claim. Id. at 331.

Once the moving party establishes the absence of a genuine dispute of material fact, the burden shifts to the non-moving party to set forth facts demonstrating that a genuine dispute of material fact remains. Id. at 324. The non-moving party cannot oppose a properly supported summary judgment motion by "rest[ing] on mere allegations or denials of [the] pleadings." Anderson, 477 U.S. at 248. Rather, the non-moving party must "go beyond the pleadings and by [his or] her own affidavits, or by 'the depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" Celotex, 477 U.S. at 324 (quoting Fed. R. Civ. P. 56(e)). Disputes over facts "that are irrelevant or unnecessary" will not preclude summary judgment. Anderson, 477 U.S. at 248.

When reviewing a motion for summary judgment, the court must take all properly supported evidence in the light most favorable to the non-movant and draw all reasonable inferences in the non-movant's favor. Griggs-Ryan v. Smith, 904 F.2d 112, 115 (1st Cir. 1990). "Credibility determinations, the weighing of evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge . . . ruling on a motion for summary judgment." Anderson, 477 U.S. at 255.

### III.  Facts Viewed in the Light Most Favorable to Plaintiff

#### A.  Ownership and Operation of the Premises

In December 1967, the Government of Sint Maarten granted a long-term lease of certain property located in Sint Maarten to Resort of the World N.V. ("Resort of the World"). Def.'s

3

Statement of Facts ("DSOF") ¶ 1 [Doc. No. 38]. Pursuant to this lease, Resort of the World has owned that property at all times relevant to this case. Id. ¶ 2. The lease identifies Resort of the World's office address as Maho Beach Resort, Rhine Road 1, Maho Bay, Low Lands, Sint Maarten. Spadaro Aff., Ex. A at 1 ¶ 2 [Doc. No. 38-1].

In 2004, Sonesta Licensing Corporation ("Sonesta Licensing") and Resort of the World entered into a License Agreement, DSOF ¶ 3 [Doc. No. 38], granting Resort of the World a "license and franchise to operate the Maho Breach Resort & Casino" on the property. Maxwell Aff., Ex. A at 1 [Doc. No. 38-2]; Spadaro Aff. ¶ 11 [Doc. No. 38-1]. Sonesta International is not a party to this agreement.[2]

In March 2018, Resort of the World and Maho Hotel Operations BV ("Maho Operations") entered into a Hotel Lease and Operations Agreement. DSOF ¶ 5 [Doc. No. 38]. Pursuant to that agreement, Maho Operations leases the Sonesta Maho Beach Resort from Resort of the World "for the purpose of running and operating" it. Spadaro Aff., Ex. C ¶ 1.1 [Doc. No. 38-1]. In April 2018, an Amendment to and Assignment and Assumption of License Agreement was entered into between Sonesta Licensing (as Licensor), Resort of the World (as Assignor) and Maho Operations (as Assignee), whereby Resort of the World assigned its rights, duties, and obligations under the License Agreement to Maho Operations. Spadaro Aff., Ex. B at 40 ¶ 1 [Doc. No. 38-1]. Sonesta International is not a party to either of these agreements.

---

[2] Plaintiffs deny this and other facts about what entity operated the Sonesta Maho Beach Resort. See Pls.' Resp. to DSOF ¶¶ 4, 7, 8 [Doc. No. 68-1] (citing Affidavit of Timothy Ingle [Doc. No. 68-2]). But Timony Ingle lacks personal knowledge of Sonesta International's purported operation of the Sonesta Maho Beach Resort sufficient to establish a dispute. See Fed. R. Civ. P 56(c)(4), (e)(2).

4

### B. Plaintiffs' Visit and Injuries

On June 4, 2023, Plaintiffs were guests at the Sonesta Maho Beach Resort. Ingle Aff. ¶ 3 [Doc. No. 68-2]. It was their understanding that the Sonesta Maho Beach Resort "would be a well- maintained facility of a known, high-end American-owned hotel." Id. ¶ 4. The Sonesta Maho Beach Resort "is prominently displayed on the Sonesta website which [they] reviewed prior to deciding to stay at the [Sonesta Maho Beach Resort]." Id.

While staying at the Sonesta Maho Beach Resort, Plaintiffs went to dine at Jing's Kitchen, which was on the Sonesta Maho Beach Resort premises and was promoted on its website. Id. ¶¶ 5–6. They ascended a stairway connected to the Sonesta Maho Beach Resort's main lobby. Id. ¶ 7. The stairway had no handrails and a broken step, "which created an uneven and dangerous surface which caused . . . Tenna [Ingle] to fall." Id. ¶¶ 8–9. Tenna Ingle was transported to the hospital for treatment of her injuries. Id. ¶ 10.

Prior to Plaintiffs' departure, Plaintiffs met "the Sonesta guest relations manager[,]" whose business card includes the company name, "Sonesta Resorts Sint Maarten," with an address of 1 Rhine Road, Maho Village, Maho Bay, Sint Maarten, and a second individual they believe to be a lawyer. See Ingle Aff., Ex. C [Doc. No. 68-2]. These two persons apologized for the incident and offered to pay Tenna Ingle's hospital bill if Plaintiffs signed a release. Ingle Aff. ¶ 12 [Doc. No. 68-2]. Plaintiffs refused. Id. Several days later, employees "wearing Sonesta uniforms began repairing the stairway[,] including the installation of handrails." Id. ¶ 13.

### IV. Discussion

Sonesta International argues on summary judgment that Plaintiffs cannot prevail against Sonesta International on the negligence claims because Sonesta International does not own,

5

operate, or manage the premises where the injury occurred, and on the loss of consortium claim because that claim is derivative of the negligence claims. See Def.'s Mem. 1 [Doc. No. 37].[3]

### A. Counts I–II: Negligence and Negligent Failure to Warn

"A successful negligence claim requires the plaintiff to prove that 'the defendant owed the plaintiff a duty of reasonable care, that the defendant breached this duty, that damage resulted, and that there was a causal relation between the breach of the duty and the damage.'" Carrozza v. CVS Pharmacy, Inc., 992 F.3d 44, 57 (1st Cir. 2021) (quoting Correa v. Schoeck, 479 Mass. 686, 693, 98 N.E.3d 191 (2018)).[4] Where a negligence cause of action is brought based on premises liability, only an "owner or possessor of land owes a common-law duty of reasonable care to all persons lawfully on the premises." Dos Santos v. Coleta, 465 Mass. 148, 154, 987 N.E.2d 1187 (2013).

Sonesta International argues that it owed no duty to Plaintiffs because it did not own, operate, or possess the property where Tenna Ingle was injured. Plaintiffs do not dispute Sonesta International's lack of ownership or possession of the property. See Pls.' Resp. to DSOF ¶ 2 [Doc. No. 68-1] (admitting that Resort of the World has owned the property at all relevant times). It is also undisputed that Sonesta International is not a party to the License Agreement, Hotel Lease and Operations Agreement, or Amendment to and Assignment and Assumption of License Agreement discussed above.

---

[3] Sonesta International also seeks summary judgment on Plaintiffs' "Franchisor Liability Claim[,]" id. at 4–7, but no such claim is asserted in the Complaint [Doc. No. 1].

[4] Sonesta International states that for the purpose of the summary judgment motion only, it "assumes, without conceding, that Massachusetts law applies to Plaintiffs' claim." Def.'s Mem. 1 n.1 [Doc. No. 37]. Where Plaintiffs do not address the choice-of-law issue, the court has applied Massachusetts law for purposes of the summary judgment motion.

Accordingly, Sonesta International's motion for summary judgment is GRANTED as to Counts I and II.

### B. Count III: Loss of Consortium

"Although [the Massachusetts Supreme Judicial Court] [has] determined that a claim for loss of consortium is independent of the spouse's cause of action, . . . [it] [has] not repudiated the implicit prerequisite that the injured spouse have a viable claim." Sena v. Com., 417 Mass. 250, 264, 629 N.E.2d 986 (1994).

Sonesta International argues that Timothy Ingle's loss of consortium claim due to Tenna Ingle's injuries is entirely derivative of her negligence claims and thus fails with those claims. Plaintiffs do not respond to this argument.

Accordingly, Sonesta International's motion for summary judgment as to Count III is GRANTED as unopposed.

## V. Conclusion

For the foregoing reasons, the court GRANTS Defendant's Motion for Summary Judgment [Doc. No. 36]. Plaintiffs' Motion to Amend Complaint [Doc. No. 62] remains under advisement.

IT IS SO ORDERED.

September 25, 2025                    /s/ Indira Talwani
                                      United States District Judge