UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| TENNA INGLE and TIMOTHY INGLE,<br><br>    Plaintiffs,<br><br>    v.<br><br>SONESTA INTERNATIONAL HOTELS CORP. d/b/a SONESTA MAHO BEACH RESORT,<br><br>    Defendant. | *<br>*<br>*<br>*<br>*<br>*  Civil Action No. 1:24-cv-10855-IT<br>*<br>*<br>*<br>* |

MEMORANDUM & ORDER

November 19, 2025

TALWANI, D.J.

    Plaintiffs Tenna and Timothy Ingle brought this action for damages arising out of Tenna Ingle's fall on a staircase at the Sonesta Maho Beach Resort, Casino & Spa in Sint Maarten ("Sonesta Maho Beach Resort"). Compl. ¶¶ 7, 9 [Doc. No. 1]. Pending before the court is Plaintiffs' Motion to Amend Complaint [Doc. No. 62] to add a claim against Defendant Sonesta International Hotels Corp. ("Sonesta International"), and to add five new Defendants: Sonesta Licensing Corporation ("Sonesta Licensing"); Sonesta Franchise Corp. ("Sonesta Franchise"); Sint Maarten, Maho Hotel Operations BV ("Maho Operations"); Resort of the World N.V. ("Resort of the World"); and the Association of Owners of Maho Parking and Shops ("Maho Parking and Shops").

    Sonesta International, Sonesta Licensing, and Sonesta Franchise (collectively the "Sonesta Entities") oppose the motion on futility grounds for failure to state a claim. Sonesta Opp. 1 [Doc. No. 86]. Maho Operations and Resort of the World (collectively, the "Sint Maarten

Entities") oppose on futility grounds for lack of personal jurisdiction over them. Sint Maarten Entities Opp. 1 [Doc. No. 83]. Maho Parking and Shops has not appeared in this proceeding.

For the reasons explained below, the Motion to Amend Complaint [Doc. No. 62] is GRANTED in part and DENIED in part.

I.  **Procedural Background**

In April 2024, Plaintiffs sued Sonesta International, "d/b/a Sonesta Maho Beach Resort," alleging that Sonesta International "owns, operates, and manages" the Sonesta Maho Beach Resort. Compl. ¶ 4 [Doc. No. 1]. Tenna Ingle asserted claims for negligence and negligent failure to warn and Timothy Ingle asserted a claim for loss of consortium. Id. ¶¶ 19–26. Sonesta International filed its Answer [Doc. No. 21] in July 2024.

In August 2024, the court entered a Scheduling Order [Doc. No. 29] setting, inter alia, a March 31, 2025 close of fact discovery. Id. at 1. On November 5, 2024, Sonesta International filed a Motion for Summary Judgment [Doc. No. 36] and a Motion to Stay Discovery [Doc. No. 40] on November 12, 2024. The court stayed discovery and directed Plaintiffs to "file their initial opposition to the motion for summary judgment, including a declaration, as required by Federal Rule of Civil Procedure 56(d), setting forth the specific discovery they contend is necessary to respond on the merits to the motion for summary judgment." Elec. Order [Doc. No. 53].

In December 2024, Plaintiffs filed a Motion for Discovery Pursuant to Fed. R. Civ. P. 56(d) [Doc. No. 54]. The court denied the motion because Plaintiffs did not identify any information to which they did not already have access that would be germane to their claims against Sonesta International for purposes of opposing its summary judgment motion. Mem. & Order 3–6 [Doc. No. 61]. The court directed Plaintiffs to file any further opposition to the summary judgment motion by April 30, 2025. Id. at 6. The court also reset the deadline for

2

Plaintiffs to seek leave to amend their pleadings absent good cause to April 16, 2025. Id. Plaintiffs timely filed both.

On September 25, 2025, the court granted Sonesta International's motion for summary judgment. Mem. & Order [Doc. No. 87].

## II. Timeliness

A party may amend its pleadings as a matter of right within twenty-one days of serving it or within twenty-one days after service of a responsive pleading or Rule 12 motion. Fed. R. Civ. P. 15(a). In all other cases, a party may amend its pleading only with the consent of the other party or leave of the court. Id. Prior to a scheduling order deadline, leave to amend a pleading shall be freely granted "when justice so requires." Id. After a scheduling order deadline, "the liberal default rule is replaced by the more demanding 'good cause' standard of Fed. R. Civ. P. 16(b)." Steir v. Girl Scouts of the USA, 383 F.3d 7, 12 (1st Cir. 2004).

Here, Plaintiffs sought leave to amend prior to the scheduling order deadline. Accordingly, the Rule 15 "freely granted when justice so requires" standard applies.

Nevertheless, under Rule 15, a motion to amend may still be denied in cases of (1) undue delay, (2) bad faith or dilatory motive, (3) or undue prejudice. See Foman v. Davis, 371 U.S. 178, 182 (1962). Although Sonesta International had already filed a Motion for Summary Judgment [Doc. No. 36], that motion was filed, together with Sonesta International's Motion to Stay Discovery [Doc. No. 40], just three months after discovery commenced. The court finds that Plaintiffs' motion was not filed with undue delay, dilatory intent, or in bad faith.

## III. Futility for Failure to State a Claim

Leave to amend may also be denied for futility of amendment. Foman, 371 U.S. at 182. In the Proposed Amended Complaint [Doc. No. 62-1], Tenna Ingle raises two causes of action against all proposed Defendants, negligence (Count I) and negligent failure to warn (Count II).

3

Id. ¶¶ 42–47. Timothy Ingle raises a third cause of action for loss of consortium (Count III) against all proposed Defendants. Id. ¶¶ 48–49. Both Plaintiffs raise a fourth cause of action against the Sonesta Entities for negligence based on their vicarious liability for the Sint Maarten Entities' negligence (Count IV). Id. ¶¶ 50–51. The Sonesta Entities oppose amendment on futility grounds. They argue that (1) the Sonesta Entities cannot be directly liable because they do not own the property where Tenna Ingle was injured; (2) the Sonesta Entities are not vicariously liable because they have no right to control the premises; and (3) the loss of consortium claim fails as derivative of the negligence claims. Sonesta Opp. 8–12 & n.2 [Doc. No. 86].[1]

### A. Standard of Review

When leave to amend is sought before discovery is complete, and neither party has moved for summary judgment, futility for failure to state a claim is gauged by the same standard as legal sufficiency under Rule 12(b)(6). See Hatch v. Dep't for Children, Youth & Their Families, 274 F.3d 12, 19 (1st Cir. 2001). In evaluating a motion to dismiss for failure to state a claim, the court assumes "the truth of all well-pleaded facts" and draws "all reasonable inferences in the plaintiff's favor." Nisselson v. Lernout, 469 F.3d 143, 150 (1st Cir. 2006). To survive dismissal, a complaint must contain sufficient factual material to "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations . . . [f]actual allegations must be enough to raise a right to relief above the speculative level . . . ." Id. at 555 (internal citations omitted). "A claim has facial plausibility when the

---

[1] The Sonesta Entities also argue that the court lacks personal jurisdiction over the Sint Maarten Entities, see Sonesta Opp. 12–14 [Doc. No. 86], which the court will address below.

4

plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). In addition, "an adequate complaint must include not only a plausible claim but also a plausible defendant." See Penalbert-Rosa v. Fortuno-Burset, 631 F.3d 592, 594 (1st Cir. 2011).

"Where the motion to amend is filed after the opposing party has timely moved for summary judgment, a plaintiff is required to show 'substantial and convincing evidence' to justify a belated attempt to amend a complaint." Steir, 383 F.3d at 12 (quoting Resolution Trust Corp. v. Gold, 30 F.3d 251, 253 (1st Cir. 1994)); see Somascan, Inc. v. Philips Med. Sys. Nederland, B.V., 714 F.3d 62, 64 (1st Cir. 2013) (describing the additional burden for plaintiff to overcome "when leave to amend is sought after discovery has been completed and a motion for summary judgment has been filed by a defendant."). This higher standard is typically applied in the context of a "motion to amend [made in] an attempt to alter the shape of the case in order to defeat summary judgment" or "solely to avert imminent defeat." Glassman v. Computervision Corp., 90 F.3d 617, 623 (1st Cir. 1996).

Here, where Sonesta International filed its summary judgment shortly after discovery commenced, and Plaintiffs have engaged in no undue delay, the court will assess whether the proposed amendment is futile "by reference to the liberal criteria of Federal Rule of Civil Procedure 12(b)(6)." Amyndas Pharms., S.A. v. Zealand Pharma A/S, 48 F.4th 18, 40 (1st Cir. 2022) (citation omitted).

### B. Facts As Alleged in the Proposed Amended Complaint

#### 1. Proposed Defendants

Sonesta International is a "worldwide owner and operator of hotels." Proposed Am. Compl. ¶ 13 [Doc. No. 62-1]. Plaintiffs allege that "Sonesta International is the equitable and

5

parent owner of" the Sint Maarten Entities, id. ¶ 14, and that the Sint Maarten Entities are the "actual, equitable, or apparent agent[s] of the Sonesta Defendants[,]" id. ¶ 7–8.

Plaintiffs allege that the Sonesta Entities and the Sint Maarten Entities have a longstanding relationship, "including entry into licensing and franchise agreements" in which Sonesta Licensing and Sonesta Franchise "granted an exclusive license and franchise to Resorts of the World MV and Maho Hotel Operation BV to operate the Sonesta Maho [Beach Resort] and use the 'Sonesta's Chain System' including the trade and service marks 'Sonesta', 'Sonesta Hotels' and 'Sonesta Beach'." Id. ¶¶ 38, 41. Plaintiffs allege that all proposed Defendants "collectively own, operate, lease, control, and manage the Sonesta Maho [Beach Resort] in Sint Maarten, including the common areas." Id. ¶ 15.

The Sint Maarten Entities allegedly "use the Sonesta logo and marketing," id. ¶ 37, and the Sonesta Entities "publicly market" their "close affiliation" with the Sonesta Maho, id. ¶ 39. "The Sonesta Maho [Beach Resort] is prominently displayed on the Sonesta Hotels, Resorts and Casinos website," and "[p]rospective guests are encouraged to make reservations for the Sonesta Maho through the Sonesta website and Sonesta reservations system." Id. ¶ 39(a)–(b); see Ex. B to Proposed Am. Compl (pages from Sonesta website) [Doc. No. 62-2].

2. **Plaintiffs' Visit and Injuries**

In June 2023, Plaintiffs were guests at the Sonesta Maho Beach Resort in Sint Maarten. Proposed Am. Compl. ¶ 16 [Doc. No. 62-1]. Their decision to stay there was "based in large part upon their understanding, based upon representation made by the Sonesta Defendants," that it "was part of the Sonesta brand, and would be a well- maintained facility of a known, high-end American-owned hotel." Id. ¶ 17. Plaintiffs "believed that they were dealing with a hotel owned and operated by Sonesta International." Id. ¶ 40.

6

On June 4, 2023, Plaintiffs went to dine at Jing's Kitchen, which was on the Sonesta Maho Beach Resort premises, promoted on its website, and included in the all-inclusive package that Plaintiffs had purchased. Id. ¶¶ 18–20. Upon entering the Sonesta Maho Beach Resort's main lobby, they were directed by signage and employees to ascend a common area stairway connected to the main lobby. Id. ¶ 20. The stairway had no handrails and a broken step, "which created an uneven and dangerous surface which caused Tenna Ingle, while exercising due care, to fall." Id. ¶¶ 21–22. Due to the fall, Tenna Ingle suffered "serious personal injuries, including bilateral ankle fractures requiring surgery." Id. ¶ 26. Tenna Ingle has incurred "substantial medical expenses," "suffered severe physical pain and mental anguish [and] permanent injury[,]" and "been hindered in the future from attending to her business and personal affairs." Id. ¶ 34.

No Sonesta Maho Beach Resort employee, agent, sign, or warning cautioned guests of the "uneven and dangerous condition" of the stairway. Id. ¶ 23. The day after the fall and after the incident was reported to the proposed Defendants, the proposed "Defendants began effectuating repairs to the stairway[,] including the installation of handrails." Id. ¶ 24.

### C. Discussion

#### 1. Direct Liability

"A successful negligence claim requires the plaintiff to prove that 'the defendant owed the plaintiff a duty of reasonable care, that the defendant breached this duty, that damage resulted, and that there was a causal relation between the breach of the duty and the damage.'" Carrozza v. CVS Pharmacy, Inc., 992 F.3d 44, 57 (1st Cir. 2021) (quoting Correa v. Schoeck, 479 Mass. 686, 693, 98 N.E.3d 191 (2018)).[2] Where a negligence cause of action is brought

---

[2] The Sonesta Entities assume for purposes of its opposition to the present motion that Massachusetts law applies to the claims here. Sonesta Opp. 7 n.1 [Doc. No. 86]. Where Plaintiffs

7

based on premises liability, only an "owner or possessor of land owes a common-law duty of reasonable care to all persons lawfully on the premises." Dos Santos v. Coleta, 465 Mass. 148, 154, 987 N.E.2d 1187 (2013).

The Sonesta Entities argue that the summary judgment record forecloses allegations in the proposed amendment that the Sonesta Entities "collectively own" the Sonesta Maho Beach Resort. Sonesta Opp. 8 [Doc. No. 86] (quoting Proposed Am. Compl. ¶ 15 [Doc. No. 62-1]).

The court agrees. Where the court has previously granted Sonesta International's Motion for Summary Judgment [Doc. No. 36] on the grounds that Plaintiffs did not dispute that Resort of the World has owned the property at all relevant times, see Mem. & Order 7 [Doc. No. 87], and where the proposed amendment alleges no facts plausibly suggesting otherwise or that any of the Sonesta Entities possesses the Sonesta Maho Beach Resort, the court finds that amendment would be futile as to the direct liability claims (Counts I and II) against the Sonesta Entities.

2. **Vicarious Liability**

The Sonesta Entities argue that Plaintiffs cannot state claims for vicarious liability based again on the summary judgment record and a single licensing agreement to which Sonesta Licensing was a party as Licensor, citing a wage-and-hour case from the Massachusetts Supreme Judicial Court holding that vicarious liability for a franchisor depends on that franchisor's control or right to control the policy or practice at issue. See Sonesta Opp. 10 [Doc. No. 86]; Depianti v. Jan-Pro Franchising Int'l, Inc., 465 Mass. 607, 617, 990 N.E.2d 1054 (2013) ("A franchisor is vicariously liable for the conduct of its franchisee only where the franchisor

---

have not addressed the choice-of-law issue, the court has applied Massachusetts law for purposes of the motion for leave to amend.

controls or has a right to control the specific policy or practice resulting in harm to the plaintiff.").

Even assuming Depianti controls in a negligence case, the Sonesta Entities' argument is unavailing. The licensing agreement they reference was produced in discovery by Sonesta International, which moved for summary judgment prior to the close of the discovery period. Where Sonesta Licensing and Sonesta Franchise have not yet been named as defendants nor engaged in discovery, and where Plaintiffs plausibly allege that they have entered into further licensing and franchise agreements, that sole agreement is insufficient to find amendment futile as to vicarious liability.

Even considering the terms of that agreement, see Freeman v. Town of Hudson, 714 F.3d 29, 36 (1st Cir. 2013) ("some extrinsic documents may be considered without converting a motion to dismiss into a motion for summary judgment" such as "documents the authenticity of which are not disputed by the parties" and "documents sufficiently referred to in the complaint"), the court does not find that the language unequivocally establishes an absence of control by Sonesta Licensing. For example, the agreement imposes certain obligations upon the Licensee to "adhere to Licensor's performance/service standards" and participation in "the program of quality assurance presently employed by Sonesta's U.S. hotels[.]" Maxwell Aff., Ex. A (Licensing Agreement) ¶ 20 [Doc. No. 38-2].

Nor do Plaintiffs' claims fail as a matter of law based on the Sonesta Entities' assertion that "Sonesta Licensing does not have the right to control the stairs where the injury occurred." Sonesta Opp. 11 [Doc. No. 86] (emphasis omitted). Plaintiffs allege that the stairway where Tenna Ingle fell was "a common area stairway connected to the main lobby" of the Sonesta Maho Beach Resort, and that the next day, after being notified of the incident, "Defendants

9

began effectuating repairs to the stairway[,] including the installation of handrails." Proposed Am. Compl. ¶¶ 20, 24 [Doc. No. 62-1].

Taking the allegations of the proposed Amended Complaint as true and drawing all reasonable inferences in Plaintiffs' favor, Nisselson, 469 F.3d at 150, the court does not find amendment futile as to the claims for vicarious liability.[3]

### 3. Loss of Consortium

Finally, the Sonesta Entities argue that the loss of consortium claim is futile because it is derivative of the other claims. Sonesta Opp. 12 n.2 [Doc. No. 86] (citing Sena v. Commonwealth, 417 Mass. 250, 264, 629 N.E.2d 986 (1994)). Because the court finds that amendment would not be futile as to the vicarious liability claims, the loss of consortium claim is not futile based on its derivative status.

### 4. Conclusion as to Failure to State a Claim

In sum, Plaintiffs' proposed amendment is futile as to the direct liability claims against the Sonesta Entities, but not as to the vicarious liability and loss of consortium claims against the Sonesta Entities.

## IV. Futility for Lack of Personal Jurisdiction

The Sonesta Entities and the Sint Maarten Entities both argue that the proposed amendment is futile as to the Sint Maarten Entities because the court cannot exercise personal jurisdiction over them. See Sonesta Opp. 12–14 [Doc. No. 86]; see generally Sint Maarten Entities Opp. [Doc. No. 83].

---

[3] Because the court does not find amendment futile on the vicarious liability claims based on the standard set forth in Depianti, the court need not address the Sonesta Entities' alternative argument that Depianti forecloses a theory of liability based on apparent agency. See Sonesta Opp. 11 [Doc. No. 86].

### A. Standard of Review

"In determining whether a non-resident defendant is subject to its jurisdiction, a federal court exercising diversity jurisdiction is the functional equivalent of a state court sitting in the forum state." Sawtelle v. Farrell, 70 F.3d 1381, 1387 (1st Cir. 1995) (internal quotation marks and citation omitted). The exercise of personal jurisdiction over a defendant must both be authorized by statute and consistent with the due process requirements of the United States Constitution. Barrett v. Lombardi, 239 F.3d 23, 26 (1st Cir. 2001). The plaintiff bears the burden of establishing that personal jurisdiction exists. See Cossart v. United Excel Corp., 804 F.3d 13, 18 (1st Cir. 2015).

Where the court considers a Rule 12(b)(2) motion to dismiss for lack of personal jurisdiction without holding an evidentiary hearing, the court applies the "prima facie standard." Sawtelle, 70 F.3d at 1386 n.1. To make a prima facie showing of jurisdiction, a plaintiff cannot rest on the pleadings but must "proffer[] evidence that, if credited, is enough to support findings of all facts essential to personal jurisdiction." Boit v. Gar-Tec Products, Inc., 967 F.2d 671, 675 (1st Cir. 1992). Courts must also consider a defendant's undisputed jurisdictional facts. Chen v. United States Sports Acad., Inc., 956 F.3d 45, 56 (1st Cir. 2020). Generally, courts considering jurisdictional claims are not required to "credit conclusory allegations or draw farfetched inferences." Lin v. TipRanks, Ltd., 19 F.4th 28, 33 (1st Cir. 2021) (quoting Ticketmaster-N.Y., Inc. v. Alioto, 26 F.3d 201, 203 (1st Cir. 1994)). However, "the district court is not acting as a factfinder; rather, it accepts properly supported proffers of evidence by a plaintiff as true and makes its ruling as a matter of law." United Elec. Radio and Mach. Workers of America (UE) v. 163 Pleasant St. Corp., 987 F.2d 39, 44 (1st Cir. 1993).

### B. Undisputed Jurisdictional Facts

The Sint Maarten Entities are incorporated under the laws of and have their principal place of business in Sint Maarten. Spadaro Aff. ¶ 5 [Doc. No. 83-1]. They do not and have never had offices or employees, bank accounts, or real property in Massachusetts. Id. ¶¶ 8, 12, 13. They do not and have never conducted "dedicated marketing campaigns specifically targeting Massachusetts residents," or contracted with any business in Massachusetts in connection with operating the Sonesta Maho Beach Resort, or maintained regular telephone or mail contact with any individual or company in Massachusetts for purposes of soliciting or conducting business. Id. ¶¶ 9–11.

Maho Operations operates a website for the Sonesta Maho Beach Resort that is used to market and book reservations at the Sonesta Maho Beach Resort. Id. ¶ 14. The Sint Maarten Entities' marketing initiatives are carried out on digital marketing channels such as Google, Facebook, and Instagram, and are delivered globally and not targeted to any state. Id. ¶¶ 15–16. The Sonesta Maho Beach Resort is included on a website operated by Sonesta, as well as in Sonesta's advertising, marketing, loyalty programs, and public relations. Id. ¶¶ 18–19.

### C. Massachusetts Long-Arm Statute

"The jurisdictional requirements imposed by the Massachusetts long-arm statute are quite similar to, though not completely congruent with, the jurisdictional requirements imposed by the Due Process Clause." Baskin-Robbins Franchising LLC v. Alpenrose Dairy, Inc., 825 F.3d 28, 34 (1st Cir. 2016) (citation omitted). Even where a party presents "jurisdictional facts sufficient to survive due process scrutiny, a judge would be required to decline to exercise jurisdiction if the plaintiff was unable to satisfy at least one of the statutory prerequisites" of the long-arm statute. Good Hope Indus., Inc. v. Ryder Scott Co., 378 Mass. 1, 6, 389 N.E.2d 76 (1979).

12

"Because the long-arm statute imposes specific constraints on the exercise of personal jurisdiction that are not coextensive with the parameters of due process, and in order to avoid unnecessary consideration of constitutional questions, a determination under the long-arm statute is to precede consideration of the constitutional question." SCVNGR, Inc. v. Punchh, Inc., 478 Mass. 324, 325, 85 N.E.3d 50 (2017); see also A Corp. v. All Am. Plumbing, Inc., 812 F.3d 54, 59 (1st Cir. 2016) (noting recent caselaw suggesting "that the Commonwealth's long-arm statute may impose limits on the exercise of personal jurisdiction 'more restrictive' than those required by the Constitution.").

> The Massachusetts long-arm statute provides in relevant part:
>
> A court may exercise personal jurisdiction over a person, who acts directly or by an agent, as to a cause of action in law or equity arising from the person's
>
> > (a) transacting any business in this commonwealth;
> > (b) contracting to supply services or things in this commonwealth;
> > (c) causing tortious injury by an act or omission in this commonwealth; [or]
> > (d) causing tortious injury in this commonwealth by an act or omission outside this commonwealth if he regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in this commonwealth . . . .

M.G.L. c. 223A, § 3 (paragraphs (e)–(h) omitted). Under any prong of the statute, the phrase "a cause of action . . . arising from" requires but-for causation. Cossart, 804 F.3d at 18 (citing Tatro v. Manor Care, Inc., 416 Mass. 763, 770, 625 N.E.2d 549 (1994)).

Section (b) does not apply because the Sint Maarten Entities are not alleged to have supplied services or things in Massachusetts. Sections (c) and (d) do not apply because the injury complained of occurred in Sint Maarten.

Plaintiffs appear to contend that section (a) applies because of the alleged agency relationship between the Sint Maarten Entities and the Sonesta Entities. See Proposed Am. Compl. ¶ 13 [Doc. No. 62-1] ("This Court has personal and/or general jurisdiction over [the Sint

13

Maarten Entities] . . . as agents of the Sonesta Defendants[.]"). But although "[f]or purposes of personal jurisdiction, the actions of an agent [here, the Sint Maarten Entities] may be attributed to the principal [the Sonesta Entities][,]" Daynard v. Ness, Motley, Loadholt, Richardson & Poole, P.A., 290 F.3d 42, 55 (1st Cir. 2002) (footnote and citations omitted), no authority has been offered to suggest the reverse: that the actions of a principal may be used to establish personal jurisdiction over an agent. See also M.G.L. c. 223A, § 3 ("court may exercise personal jurisdiction over a person, who acts directly or by an agent").

Plaintiffs also appear to contend that section (a) applies because of the Sonesta Maho Beach Resort's appearance on the Sonesta website and reservations system. See Proposed Am. Compl. ¶ 39 [Doc. No. 62-1]. To the extent this fact suggests the Sint Maarten Entities have transacted business in Massachusetts, that is insufficient because the long-arm statute requires that the relevant conduct be the but-for cause of Plaintiffs' injuries, see Cossart, 804 F.3d at 18, that is, that the Sint Maarten Entities transacted business with Plaintiffs through the booking of their reservations while in Massachusetts. The proposed amendment does not allege or support an inference that Plaintiffs were in Massachusetts at any time relevant to the events of this case. To the contrary, it only alleges that Plaintiffs primarily reside in Atlanta, Georgia. Proposed Am. Compl. ¶¶ 1–2 [Doc. No. 62-1].

Therefore, Plaintiffs cannot satisfy any of the statutory prerequisites of the long-arm statute, and the court cannot exercise personal jurisdiction over the Sint Maarten Entities. See Good Hope, 378 Mass. at 6. And because the long-arm statute contains specific constraints that are not coextensive with the due process analysis, the court need not reach that analysis. See SCVNGR, 478 Mass. at 325.

Accordingly, the court finds Plaintiffs' proposed amendment as to the Sint Maarten Entities would be futile for lack of personal jurisdiction over them.[4]

## V.     Conclusion

For the foregoing reasons, Plaintiffs' Motion to Amend Complaint [Doc. No. 62] is DENIED as to the direct liability claims against the Sonesta Entities and as to all claims against the Sint Maarten Entities, and is otherwise allowed. An Amended Complaint that complies with this order may be filed no later than December 1, 2025.

IT IS SO ORDERED.

November 19, 2025                               /s/ Indira Talwani
                                                United States District Judge

---

[4] Where no party has yet challenged the addition of Proposed Defendant Maho Parking and Shops, the court will not bar amendment including that entity. Nothing in the record thus far suggests the analysis would be different for Maho Parking and Shops, however, where there are no specific allegations other than that its principal place of business is Sint Maarten. See Proposed Am. Compl. ¶ 9 [Doc. No. 62-1]. Once served with the Amended Complaint, Maho Parking and Shops may challenge suit for lack of personal jurisdiction.